IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HAROLD HUNT,                              :
                                          :
        Plaintiff                 :
                                          :
    vs.                                   :   CIVIL ACTION NO. 3:CV-03-0069
                                          :   (CHIEF JUDGE VANASKIE)
CITY OF SCRANTON,                         :
LACKAWANNA COUNTY,                        :
MICHAEL BARRASSE,                         :
CHRISTOPHER CAPUTO, ANDREW                :
JARBOLA, FRANK SANTAMAURO,                :
ROBERT McCORMACK, TRISH                   :
CORBETT, and JAMES MUNLEY                 :
                                          :
        Defendants                :

ORDER

February 15, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    Pro se Plaintiff Harold Hunt commenced this action alleging misconduct by numerous Defendants during his prosecution, trial, and ultimate conviction for possession of a controlled substance. Before this Court is a motion to dismiss by Defendant Judges Trish Corbett and James M. Munley[1] of the Court of Common Pleas of Lackawanna County ("Judicial Defendants"). (Dkt. Entry 38.) Because the doctrine of judicial immunity bars Plaintiff's claims

---

[1] In October 1998, Judge James M. Munley became a District Judge in the United States District Court for the Middle District of Pennsylvania.

for monetary relief against the Judicial Defendants and he has not otherwise presented a viable claim for relief against them, their motion to dismiss to dismiss will be granted.

On January 10, 1993, Hunt was arrested for possession of a controlled substance. (Am. Compl. (Dkt. Entry 20) at ¶ 5.)  He alleges various conspiracies throughout his prosecution and trial that purportedly violated his rights. (Id. at ¶¶ 7-25.)  The Judicial Defendants are accused of acting improperly during court proceedings related to his trial and appeal.[2]  (Id. at ¶¶ 11-23.)  Hunt asserts that racial discrimination motivated the Defendants' actions. (Id. at ¶ 8.)

Hunt claims the Defendants' actions violated his Sixth, Eighth, and Fourteenth Amendment rights in violation of the Civil Rights Act, 42 U.S.C. §§ 1981, 1983-86, and the

---

[2] Hunt makes the following allegations against the Judicial Defendants:

> (1) Judge Munley was involved in conspiracies that deprived Hunt of an opportunity to be present at pre-trial hearings on motions; made it falsely appear that Hunt sought pro se status to defend himself at trial; "fix[ed] the record" to deny Hunt's appeals rights; and denied Hunt access to transcripts. (Am. Compl. (Dkt. Entry 20) at ¶¶ 11, 19-21, 23).

> (2) Judge Munley made faces in court that indicated racial animus; pressured Hunt's counsel not to contest the lack of "blacks" on the jury or question the handling of physical evidence by police officers; and interfered with Hunt's attempts to defend himself at trial by limiting his ability to make objections and present witnesses. (Id. at ¶¶ 12, 16-17, 20, 22).

> (3) Judge Corbet entered into a conspiracy that denied Hunt's appeal rights by creating delays beyond the limitations period for Hunt to seek post appeal relief. (Id. at ¶ 25.)

Racketeering Influenced and Corrupt Organizations Act, ("Racketeering Act") , 18 U.S.C. § 1961, et seq. (Id. at 5.)[3] He seeks a declaratory judgment that Defendants violated his rights, compensatory damages, punitive damages, and "such other relief as it may appear that plaintiff is entitled." (Id.)

On February 1, 2005, the Judicial Defendants filed a motion to dismiss. (Dkt. Entry 38.) They presented five arguments for dismissal of this action: (1) this Court lacks jurisdiction to review the state court adjudication under 28 U.S.C. § 1257 and the Rooker-Feldman abstention doctrine; (2) the claims are barred by the Eleventh Amendment; (3) the doctrine of judicial immunity is an absolute bar to any damage claims against the Judicial Defendants for their judicial conduct; (4) Plaintiff fails to present an actionable § 1983 claim; and (5) Plaintiff cannot sue for damages in the absence of any allegation that he was actually innocent. (Id.) The parties have briefed the arguments and the morion is now ripe for resolution by this Court.

A motion to dismiss does not assail the validity of the facts pled by the plaintiff, but rather tests the legal foundation of the plaintiff's claims. United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989). A Court may dismiss a claim when a plaintiff fails to present a claim

---

[3] Although invoking the Racketeering Act, Hunt has not presented any allegations that would suffice to support a claim under that federal statute. For example, he has not alleged the existence of some business enterprise, the affairs of which were conducted through a pattern of racketeering activity to cause him injury. As Hunt proceeds *in forma pauperis*, this Court has the authority to dismiss at any time a claim for relief that is patently deficient. See 28 U.S.C. § 1915(e)(2). Because it is evident that Hunt cannot present a viable Racketeering Act claim, that cause of action will be dismissed.

which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A Court must draw all reasonable inferences from the facts alleged in the complaint and construe them in the light most favorable to the claimant.  Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1400 (3d Cir. 1991); Truhe v. Rupell, 641 F. Supp. 57 (M.D. Pa. 1985).  The court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss," Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997) (quoting In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir. 1997)), and should reject "unwarranted inferences" and "unsupported conclusions."  Id. at 906 n.8 (citing 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE  1357 (2d ed. 1997)).

Under the doctrine of judicial immunity, a judge is "immune from a suit for money damages."  Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam).  The doctrine is founded "upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages."  Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1871)).

A judicial officer is immune from suit, if he or she: (1) has jurisdiction over the subject matter of a proceeding and (2) is performing a "judicial act."  Mireles, 502 U.S. at 11-12.  A "judicial act" is defined as an action normally performed by a judge and where the parties deal with the judge in his or her judicial capacity.  Stump v. Sparkman, 435 U.S. 349, 362 (1978).

Immunity applies even if the action was taken in error, done maliciously, or was in excess of a judge's authority.  Id. at 356-57.  A judge, moreover, is immune even if the judicial act was the product of a conspiracy with others.  Dennis v. Sparks, 449 U.S. 24, 26 (1980).

In the present case, all of Hunt's allegations clearly fall under the judicial immunity umbrella.  The Judicial Defendants had jurisdiction over the subject matter of the proceedings because the Court of Common Pleas of Lackawanna County is a court of general jurisdiction, with jurisdiction over criminal matters such as Hunt's trial for possession of a controlled substance.

In addition, the actions of the Judicial Defendants constituted "judicial acts."  The judges' actions, such as regulating the trial process and hearing arguments on motions, were the type of actions normally performed by a judge.  The parties, moreover, were not interacting with the judges in a private capacity, but were interacting with the judges in their judicial role to preside over Hunt's criminal proceeding.  The actions of the Judicial Defendants, therefore, are exactly the type of actions that judicial immunity was developed to protect.

Hunt presents two flawed arguments why judicial immunity is not appropriate in this case.  First, he simply states that he is suing the Judicial Defendants in their individual capacities, so immunity does not apply.  (Pl.'s Br. in Opp. Mot. to Dismiss (Dkt. Entry 46) at 2; Exs. 4-5, Pl.'s Br. in Opp. Mot. to Dismiss (Dkt. Entry 47).)  The capacity in which a judge is sued, however, does not affect the application of the doctrine of judicial immunity.  It is the

underlying conduct that determines whether suit may proceed against a judicial officer. As discussed above, the alleged actions of the Judicial Defendants constituted judicial action for which immunity is appropriate.

Hunt also cites Forrester v. White, 484 U.S. 219, 229-30 (1988), to argue that judicial immunity is not appropriate for "executive or administrative [acts], or for any acts that violate state or federal laws." It is true that executive or administrative acts, such as demoting or discharging court personnel, are not covered by judicial immunity. See id. As explained above, though, the acts of the Judicial Defendants were judicial in nature, so the executive or administrative acts exception to judicial immunity is not applicable.

Hunt's alternative argument that Forrester rejects judicial immunity "for any acts that violate state or federal law" is plainly a misstatement of the law, as judicial immunity can apply to violations of both state, see, e.g., Feingold v. Hill, 521 A.2d 33, 36 (Pa. Super. 1987), and federal law, see e.g., Stump, 435 U.S. at 356. The key issue for judicial immunity is instead whether the judge has subject matter jurisdiction and is performing a judicial act. Because both of these requirements are met by Judge Corbett and Judge Munley in this case, they may avail themselves of judicial immunity. Accordingly, Hunt's claims for compensatory and punitive damages against the Judicial Defendants must be dismissed.[4]

---

[4]In 1996, Congress amended 42 U.S.C. § 1983 to bar actions against judicial officers for injunctive relief for violations of civil rights "unless a declaratory decree was violated or declaratory relief were unavailable." Pub. L. 104-317, Title III, §309(c), 110 Stat. 3853. Thus, to the extent that Hunt seeks injunctive relief against the Judicial Defendants for alleged

Hunt also is not entitled to any declaratory relief on his claims. In this regard, courts have dismissed claims for declaratory relief against judges where, as here, the plaintiff seeks an adjudication of past conduct that is not likely to recur. See, e.g., Johnson v. Onion, 761 F.2d 224, 226 (5thCir. 1985); Dockeray v. Francis, No. 3:03-CV-2862, 2004 WL 2187118, at *4 (N.D. Tex. Sept. 28, 2004).

Accordingly, the Judicial Defendants' motion to dismiss will be granted.[5]

**NOW, THEREFORE**, for the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

1. The motion to dismiss filed on behalf of Defendant Judges Trish Corbett and James M. Munley (Dkt. Entry 38) is **GRANTED**.

2. Judge Trish Corbett and Judge James M. Munley are dismissed from this action.

                                                           **s/ Thomas I. Vanaskie**
                                                           Thomas I. Vanaskie, Chief Judge
                                                           Middle District of Pennsylvania

---

violation of his constitutional rights, such a claim is likewise barred.

    [5] Although consideration of the Judicial Defendants' alternative arguments for dismissal is unnecessary, it does, nonetheless, appear that the Judicial Defendants would succeed on many of their alternative arguments for dismissal as well. For instance, this case appears to fit under the Rooker-Feldman abstention doctrine, which cautions lower federal courts not to review state court proceedings. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992). Essentially, Hunt's complaint is that his state criminal proceeding was immersed in legal error. The state appellate system is the appropriate forum for raising this alleged error, not a civil action in federal court.